UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAWN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-00054-TWP-MPB |
| ) | |
| CRF FIRST CHOICE, INC., and ) | |
| UNKNOWN EMPLOYEES, ) | |
| ) | |
| Defendants. ) | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant CRF First Choice, Inc. ("CRF") (Filing No. 7). After working for CRF for nearly five years, *pro se* Plaintiff Dawn Johnson's ("Ms. Johnson") employment was terminated, reportedly because she was a "no-call, no-show." However, Ms. Johnson suspected that her termination was in retaliation for reporting abuse of patients or was possibly motivated by racially discriminatory bias. Therefore, she filed this action, asserting various employment law claims. CRF filed its Motion to Dismiss, asserting Ms. Johnson failed to state a claim upon which relief can be granted. For the following reasons, the Court must **GRANT** the Motion to Dismiss.

### I. BACKGROUND

The following facts are not necessarily objectively true; but, as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Ms. Johnson. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

CRF operates several residential centers that provide residential assistance to developmentally disabled individuals. CRF has offices in Anderson, Indiana, and operates a residential center in Anderson. Ms. Johnson was employed by CRF in the Anderson residential center and reported to this location whenever she was scheduled to work. (Filing No. 1-1 at 1.)

Ms. Johnson is an African-American woman and was employed by CRF as an assistant living coach from September 2010 through May 2015. In her role as an assistant living coach, Ms. Johnson had direct care responsibilities for the residents at the residential center. She began experiencing problems at work when she started noticing scratches, bruises, scrapes, abrasions, and cuts on her "clients" when she came to work. (Filing No. 1-1 at 2.) Ms. Johnson would make a mental note that bruises and scrapes were not present when she left work for the day. She would then notice when she returned to work that her clients had bruises or scrapes. She consulted the care logs, and there were no indications of how or when these injuries occurred despite requirements to document such injuries. Ms. Johnson began to inquire and complain about her clients' injuries, and various theories were discussed among the employees. *Id.*

When Ms. Johnson's clients' injuries did not abate, she decided to report the injuries to the Indiana state licensing board that oversees and inspects residential care facilities. A nurse inspector came to the facility to inquire regarding the report. She encouraged Ms. Johnson to continue reporting any suspicious activities or injuries. Ms. Johnson continued reporting the activities at the facility, and she reported to the residential managers at the facility that she believed clients were being abused. (Filing No. 1-1 at 3.)

While the residential managers at CRF said that they would look into Ms. Johnson's suspicions of abuse, nothing was done and the managers got angry and impatient with Ms. Johnson. Ms. Johnson increased her reporting to the Indiana state licensing board. "Ms. Johnson

[was] aware that other white employees beg[a]n to also complain about the conditions inflicted upon the clients." *Id.* CRF did not conduct an investigation into the reports of client abuse, and if any investigation ever did occur, Ms. Johnson was never provided with the results of such an investigation. (Filing No. 1-1 at 4.)

In May 2015, Ms. Johnson arrived at work and was told that her employment with CRF was being terminated. She was told that her employment was ending because she was a "no-call, no-show," which was not true. Ms. Johnson suspected that her termination was really the result of her reports to the Indiana state licensing board. *Id.* Additionally, Ms. Johnson noted that "[n]o other white employees who complained were terminated," and she was "terminated from her employment, although white females were treated in a different way while faced with the same exact circumstances." (Filing No. 1-1 at 4–5 ¶¶ 28, 32.)

Following her May 2015 termination, on December 29, 2015, Ms. Johnson filed her Complaint against CRF in Madison County Circuit Court. On January 6, 2016, CRF removed Ms. Johnson's action to this Court based on the Court's federal question jurisdiction. Then on February 17, 2016, CRF filed its Motion to Dismiss Ms. Johnson's Complaint.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

> [T]he record under 12(b)(6) is limited to the language of the complaint and to those matters of which the court may take judicial notice. The complaint cannot be amended by the briefs filed by the plaintiff in opposition to a motion to dismiss. By the same token, the defendant cannot, in presenting its 12(b)(6) challenge, attempt to refute the complaint or to present a different set of allegations. The attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence.

*Gomez v. Illinois State Bd. of Education*, 811 F.2d 1030, 1039 (7th Cir. 1987) (citation omitted).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court notes that:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

> [E]ven pro se litigants . . . must expect to file a legal argument and some supporting authority. A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point. We will not do his research for him.

*Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (citations and quotation marks omitted).

### III. DISCUSSION

CRF asks the Court to dismiss with prejudice Ms. Johnson's Complaint in its entirety, asserting that the Complaint failed to state a claim upon which relief can be granted because there are no alleged claims that are supported by a sufficient factual basis.

Ms. Johnson's Complaint asserts the broad, general factual allegations described in the background section above. Then she wraps up her Complaint with a "Causes of Action" section, which reads in its entirety:

> 35. Ms. Ms. Johnson asserts that the defendant Company has violated the following laws:
>
> a. Title VII of the Civil Rights Act Of 1964;
> b. 42 USC §1981, §1982, and all other statutes applicable to discrimination;
> c. Indiana Civil Rights laws;
> d. Unlawful retaliation laws as provided by state and federal codes;
> e. Unlawful employment discrimination laws as provided by state and federal codes;
> f. Unlawful discrimination in terminating employment;
> g. Violation of Whistleblower statutes, state and federal; and

5

   h. Causing pain and suffering, intentional emotional distress, and lost wages.

([Filing No. 1-1 at 5](#)–6.)

  CRF's brief is devoted to discussing Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1982, and the Indiana Civil Rights Act, and then CRF guesses other statutory provisions that Ms. Johnson's Complaint might be brought under and argues for dismissal under those additional statutes.  While the Court understands CRF's desire to fill in the gaps by guessing potential claims and then arguing against those potential claims, the Court is not to make arguments or create claims for a plaintiff, even a *pro se* plaintiff, when considering a motion to dismiss.  The plaintiff is obligated to include in the complaint a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

  Ms. Johnson's barebones "causes of action" section simply provides vague labels for her "claims" against CRF.  This does not meet the pleading standards required by *Iqbal* and *Twombly*.  While it appears that Ms. Johnson may be asserting a claim for retaliatory termination, it is not clear which alleged facts support such a claim and whether additional facts are needed to support the claim.

  It also appears that Ms. Johnson may be asserting a claim for wrongful termination based on race discrimination.  However, the factual allegations for such a claim are sparse: "Ms. Johnson is a black woman."  "Ms. Johnson is aware that other white employees begin to also complain about the conditions inflicted upon the clients."  "No other white employees who complained were terminated."  "Ms. Johnson was terminated from her employment, although white females were treated in a different way while faced with the same exact circumstances." ([Filing No. 1-1](#) ¶¶ 5, 21, 28, 32.)  But then in her response to the Motion to Dismiss, Ms. Johnson explains, "No I wasn't

6

aware that white employees begin [sic] to complain about the conditions inflicted upon the client. (Because no white employees reported any of them.) . . . No white staff was ever faced with the same exact circumstances. they [sic] were not being accused of injuring [sic] the clients." (Filing No. 21 at 2.) While a "complaint cannot be amended by the briefs filed by the plaintiff in opposition to a motion to dismiss," *Gomez*, 811 F.2d at 1039, these seeming contradictions raise questions regarding the viability of a potential race discrimination claim. The Court determines that the proper course of action is to dismiss the Complaint without prejudice and allow Ms. Johnson an opportunity to amend her Complaint to plead her claims and the factual allegations to support those specific claims.

Concerning the specific claims for relief under 42 U.S.C. § 1982 and the Indiana Civil Rights Act, CRF explains that these claims are not viable under any set of facts in this case because § 1982 claims concern property interests, not employment claims, and the Indiana Civil Rights Act does not create a private right of action.

Regarding § 1982 claims, another district court in the Seventh Circuit has noted, "[e]mployment, however, is not a property interest protected under Section 1982. Courts that have considered the issue have found that employment is not contemplated among the real and personal property protected under section 1982." *Rash v. Minority Intermodal Specialists, Inc.*, 2003 U.S. Dist. LEXIS 4311, at *11 (N.D. Ill. Mar. 19, 2003) (citations and quotation marks omitted).

CRF also explains that Ms. Johnson cannot assert a claim under the Indiana Civil Rights Act because the Act does not create a private right of action.

> The Indiana Civil Rights Act is a self-contained series of statutes enacted by the Indiana Legislature for the purpose of combating many types of discrimination against classes and individuals . . . . The Indiana Civil Rights Act establishes an administrative process through which claims of discrimination are investigated and prosecuted. The Indiana Civil Rights Commission (ICRC) is empowered to conduct hearings and award both injunctive and monetary relief on behalf of those

individual members of protected classes who have been discriminated against. Ordinarily, such hearings are conducted before an administrative law judge appointed by the ICRC. . . . The final determination of the ICRC is subject to judicial review, but only the limited type of review allowed administrative determinations. The administrative process of the ICRC can be bypassed, but only in one narrow circumstance: if both the party making the complaint and the party responding to it agree in writing to have the matter decided in a court of law. Otherwise, there is no private right of action. [The plaintiff] has not alleged and [the defendant] has specifically denied entering into any agreement which would allow [the plaintiff] to pursue the claim in a court of law. Consequently, the Plaintiff cannot bring a cause of action against [the defendant] based upon the Indiana Civil Rights Act in this court.

*Sturdivant v. Ind. Prot. & Advocacy Servs.*, 2003 U.S. Dist. LEXIS 22210, at *24–25 (S.D. Ind. Sept. 26, 2003) (citations omitted). There is no allegation that CRF entered into an agreement with Ms. Johnson to allow her to pursue an Indiana Civil Rights Act claim in a court of law, and CRF asserts that Ms. Johnson cannot make such an allegation because there is no such agreement. Because 42 U.S.C. § 1982 and the Indiana Civil Rights Act do not support causes of action for Ms. Johnson, these claims for relief must be dismissed with prejudice.

### IV.  CONCLUSION

For the foregoing reasons, CRF's Motion to Dismiss (Filing No. 7) is **GRANTED**. Because it may be possible that Ms. Johnson might have a viable claim under some set of facts that have not been sufficiently alleged, Ms. Johnson's Complaint is **dismissed without prejudice**. Ms. Johnson is granted **thirty (30) days** from the date of this Order to file an amended complaint, asserting with sufficient factual support her specific causes of action against CRF. Any amended complaint should not include claims under 42 U.S.C. § 1982 and the Indiana Civil Rights Act because those claims have been dismissed with prejudice.

**SO ORDERED.**

Date: 9/22/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dawn Ms. Johnson
3204 Ripple Drive
Anderson, Indiana  46012

Craig M. Williams
FOX WILLIAMS & SINK LLC
cwilliams@fwslegal.com